# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

ERVIN CABLE CONSTRUCTION, LLC, )
                                           )
            Plaintiff,                   )
                                           )
v.                                              )        Case No.
                                           )
OHIO SECURITY INSURANCE             )        Removed from Cole County Circuit Court,
COMPANY and MADOVIS                 )        Case No. 20AC-CC00319
COMMUNICATIONS, INC.               )
                                           )
           Defendants.               )

## NOTICE OF REMOVAL

COMES NOW, Defendant Ohio Security Insurance Company ("Defendant Ohio Security") by and through undersigned counsel, and pursuant to 28 U.S.C. § 1441, and hereby files this Notice of Removal of the above lawsuit, originally filed in the Circuit Court of Cole County, Missouri. In support of its Notice of Removal, Defendant Ohio Security states as follows:

1.      This is a civil action over which the Court has original jurisdiction, pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441.

2.      On August 18, 2020, Plaintiff Ervin Cable ("Plaintiff") filed an action in the Circuit Court of Cole County, Missouri, captioned *Ervin Cable v. Ohio Security et al.*, Case No. 20AC-CC00319 (the "State Court Action"). Plaintiff's Petition purports to assert claims for declaratory judgment and breach of contract against Defendant Ohio Security.

3.      On August 24, 2020, Defendant Ohio Security was served with the Summons and a copy of the Petition in the State Court Action through its registered agent. See **Exhibit A**, state court file.

4.     To date, Defendant Madovis Communications, Inc. ("Defendant Madovis") has not been served, so its consent is not needed for this removal. See *Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005) ("It is well recognized that the consent of unserved defendants need not be obtained to effectuate removal").

5.     Defendant Ohio Security is filing this Notice of Removal within thirty (30) days from which it may be first ascertained that this case is removeable and within one (1) year after the commencement of the State Court Action. See 28 U.S.C. §§ 1446(b)(3) and 1446(c).

6.     The Circuit Court of Cole County, Missouri is located within the Western District of Missouri, Central Division. Venue is proper in this Court because it is the "District and division embracing the place where such [state court] action is pending." 28 U.S.C. § 1441(a).

7.     Attached to this Notice of Removal as **Exhibit A** is a true and correct copy of the state court's complete file, including all process, papers, exhibits, pleadings, orders, and other documents currently on file in the Circuit Court of Cole County, State of Missouri.

8.     Also accompanying and attached to this Notice of Removal is a Civil Cover Sheet for filing in this Court.

9.     Defendant Ohio Security will promptly, upon filing this Notice of Removal, give written notice to Plaintiff's counsel and Defendant Madovis and will file a copy of this notice of removal in the Circuit Court of Cole County, Missouri as required by 28 U.S.C. § 1446(d). Attached to this Notice as **Exhibit B** is a copy of the proposed notice of removal to federal court which will be filed in the Circuit Court of Cole County, Missouri.

**DIVERSITY OF CITIZENSHIP**

10.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of complete diversity jurisdiction between the parties.

11.     According to Plaintiff's Petition, Plaintiff Ervin Cable Construction, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Kentucky. Petition, ¶1. Plaintiff's Petition does not, however, provide enough relevant information for Defendant Ohio Security to properly assess Plaintiff's citizenship status. For a limited liability company, the states of its incorporation and principal place of business are irrelevant. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Federal courts must examine the citizenship of each member of the limited liability company to determine whether complete diversity of citizenship exists. *Id*; *Lehmann v. Davidson Hotel Co., LLC*, 2015 U.S. Dist. LEXIS 23868.

12.     Defendant Ohio Security is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in New Hampshire, and is therefore a corporate citizen of the State of New Hampshire. Id. at ¶3.

13.     Plaintiff also named Defendant Madovis. However, Defendant Madovis did not issue any insurance policies to Plaintiff or anyone else relevant to this matter. Defendant Madovis was either mistakenly or fraudulently named or joined to this lawsuit, possibly to defeat diversity jurisdiction. Alternatively, Defendant Madovis is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Florida, and is therefore a corporate citizen of the State of Florida. Id. at ¶6.

14.     Upon information and belief, as between Plaintiff and Defendant Ohio Security or Defendant Madovis, the controversy in this action is wholly between citizens of different states.

15.     In its Petition, Plaintiff alleges that it is entitled to receive full defense and indemnity from Defendant Ohio Security for a lawsuit for construction defects or property damages that allegedly occurred after Defendant Madovis performed work on or about September

6, 2019. Id. at ¶48-50. Plaintiff also alleges damages for breach of contract against Defendant Ohio Security in the amount of $125,756.16. Id. at ¶31-36. As such the amount in controversy, exclusive of costs and interest, exceeds the sum of $75,000.00.

16.     Because complete diversity of citizenship exists between Plaintiff and Defendant Ohio Security or Defendant Madovis, and because the amount in controversy in this action exceeds the sum of $75,000.00, removal to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441.

17.     Based on the foregoing, Defendant Ohio Security respectfully requests that this Court accept jurisdiction of this action.

WHEREFORE, Defendant Ohio Security Insurance Company respectfully requests that the Court require Plaintiff to submit the citizenship status of each member of Ervin Cable Construction, LLC and, if appropriate, order the above-captioned action be removed from the Circuit Court of Cole County to this Court, and for such other and further relief as the court deems just and proper under the circumstances.

Respectfully submitted,

KECK & PHILLIPS, LLC

By:     */s/ John Spurlock*
        Patricia Keck, MOBAR #42811
        John Spurlock, MOBAR #69362
        3140 E. Division
        Springfield, Missouri 65802
        417-890-8989
        john@kpwlawfirm.com
        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was sent via ECF to all parties of record this 5th day of February 2021.

By:     /s/ *John Spurlock*