# NOTICE OF REMOVAL – EXHIBIT A
## STATE COURT FILE – INDEX

1. Petition
2. Summons Issued
3. Summons Issued
4. Pluries Summons Request
5. Corporation Served
6. Notice of Service
7. Summons Returned Non Est
8. Summons Issued
9. Defendant Ohio Security Insurance Company's Motion to Dismiss
10. Entry of Appearance – John Spurlock
11. Summons Issued – Circ Pers Serv O/S
12. Defendant Ohio Security Insurance Company's Answer
13. Correspondence Filed
14. Motion for Special Process Server
15. Proposed Order
16. Order for Special Process Server
17. Motion for Special Process Server
18. Order for Special Process Server
19. Alias Summons Request
20. Summons Issued
21. Correspondence Filed

EXHIBIT
A

## IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

|  |  |  |
|---|---|---|
| **ERVIN CABLE CONSTRUCTION, LLC,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No.:** |
| **OHIO SECURITY INSURANCE COMPANY, a foreign insurance company,** | ) ) ) ) | |
| **Serve: CSC-Lawyers Incorporating Service Company 221 Bolivar Street Jefferson City, MO 65101** | ) ) ) ) ) | |
| **and** | ) ) | |
| **MADOVIS COMMUNICATIONS, INC., an administratively dissolved foreign corporation,** | ) ) ) ) | |
| **Serve: Pavel Pop-Buia, Registered Agent 538 Hardesty Avenue Kansas City, MO 64130,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## PETITION FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT

COMES NOW Plaintiff, Ervin Cable Construction, LLC ("Ervin"), by and through undersigned counsel, and for its Petition for Declaratory Judgment and Breach of Contract states and shows to the Court as follows:

## PARTIES, JURISDICTION AND VENUE

1. Ervin is a foreign limited liability company with its principal place of business located at 450 Pryor Boulevard, Sturgis, Kentucky 42459.

2. At all relevant times, Ervin was and is authorized to transact business in the state of Missouri.

3. Defendant Ohio Security Insurance Company ("Ohio") is a foreign insurance company with its principal place of business located at 62 Maple Avenue, Keene, New Hampshire 03431.

4. At all relevant times, Ohio was and is authorized to issue policies of insurance in Missouri.

5. Ohio maintains a registered agent and registered office in Jefferson City, Cole County, Missouri.

6. Defendant Madovis Communications, Inc. ("Madovis") is a foreign for-profit corporation with its principal place of business located at 6417 Grenada Island Avenue, Apollo Beach, Florida 33572.

7. The Missouri Secretary of State revoked Madovis' Certificate of Authority to transact business in the state of Missouri on or about January 31, 2019, under the provisions of Mo. Rev. Stat. §351.602.

8. Madovis maintained a registered agent and office in the state of Missouri.

9. Revocation of Madovis' Certificate of Authority did not terminate the authority of the registered agent of the corporation. Mo. Rev. Stat. §351.602.5.

10. This action seeks declaratory judgment pursuant to Mo. Rev. Stat. §527.010, *et seq.* and Missouri Rule of Civil Procedure 87, and for breach of contract.

11. Ohio, as an insurance company issuing policies in the state of Missouri and, in particular, to Madovis Communications, Inc., is doing business in the state of Missouri, and is subject to the personal jurisdiction of this court.

2

12.     Madovis, a for-profit foreign corporation, doing business in the state of Missouri, is subject to the jurisdiction of this court.

13.     Venue is proper in Cole County, Missouri pursuant to Mo. Rev. Stat. §508.010(3), (17).

## FACTS COMMON TO ALL COUNTS

14.     Ervin provides cable construction services, including through subcontracting with third parties.

15.     On or about September 13, 2017, Ervin entered into an agreement with Madovis under which Madovis agreed to perform certain subcontract work under Ervin's primary contract with the Project Owner ("Subcontract"). Exhibit 1 (Subcontract). Plaintiff incorporates Exhibit 1 in its entirety.

16.     Relative to the Project which is the subject of this complaint, the Project Owner referenced in the Subcontract is Verizon Sourcing, LLC, and its other related entities, as defined in the primary contract.

17.     The Subcontract identified Madovis as "Subcontractor" and Ervin as "Contractor".

18.     In the Subcontract, Madovis agreed in relevant part to "defend, indemnify and hold harmless Contractor, Project Owner, Project Owner's lender(s), and their respective parents (direct or indirect), subsidiaries, affiliates, officers, directors, agents, servants and/or employees (each an "Indemnified Party" and collectively, the "Indemnified Parties") from and against all liability, damage or injury of any kind or nature whatsoever to all persons, whether employees of Subcontractor or otherwise, and to all property including all settlement sums, losses and expenses, including attorneys' fees suffered by any Indemnified Party, which are caused by, or

3

result from or arise out of Subcontractor's (i) performance or nonperformance of this Agreement and the Work (ii) breach of this Agreement or (iii) violation of any applicable law; whether or not such claims are based upon Indemnified Party's alleged active or passive sole negligence or participation or upon any alleged breach of any statutory duty or obligation on the part of an Indemnified Party, Subcontractor agrees to the aforesaid indemnification. Exhibit 1, §7(a).

19.     In the Subcontract, Madovis further agreed that it "shall, at its own expense, defend the Indemnified Parties against any claim, or any legal proceeding which may invoke Subcontractor's obligations under this Agreement.  Subcontractor's duty to defend the Indemnified Parties shall apply whether such claim or legal proceeding is brought only against any or all of the Indemnified Parties, either separately or jointly with Subcontractor. Subcontractor shall reimburse each Indemnified Party for any legal expenses and attorneys' fees incurred in enforcing Subcontractor's obligations and/or the indemnity granted to them under this Agreement." See Exhibit 1, §7(b).

20.     In the Subcontract, Madovis further agreed to procure general liability insurance and to obtain certificates of insurance in accordance with Exhibit C to the Subcontract.  Exhibit 1, §11.  Specifically, in the Subcontract, Madovis agreed to procure and maintain commercial general liability insurance with minimum limits of liability of $1,000,000.00 for each occurrence, and $2,000,000.00 in the general aggregate.  Exhibit C to Exhibit 1, ¶(a)(ii).

21.     In the Subcontract, Madovis further agreed to name Ervin, the Project Owner, and their parents, subsidiaries and affiliated companies as an "Additional Insured."  Exhibit C to Exhibit 1, ¶(b).

4

22. Ohio issued an insurance policy, number BLS(20)58140519 for the period May 10, 2019 through May 10, 2020, to named insured Madovis. Exhibit 2 (Certificate of Liability Insurance).

23. Ervin is an additional insured on the policy, specifically, the Commercial General Liability Coverage Part and Products/Completed Operations Liability Coverage Part. Exhibit 3, Declarations and Additional Insured Forms and Endorsements. On information and belief, the Project Owner (Verizon) is also an additional insured on the policy.

24. The additional insured forms and endorsements provide in relevant part as follows:

## G. ADDITIONAL INSUREDS–BY CONTRACT, AGREEMENT OR PERMIT

1. **Paragraph 2. under Section II-Who Is An Insured** is amended to include as an insured any person or organization whom you have agreed to add as an additional insured in a written contract, written agreement, or permit.

Exhibit 3, Declarations and Additional Insured Forms and Endorsements, Commercial General Liability Extension, Part G (See also, Exhibit 3, Blanket Additional Insured Contractors-Products/Completed Operations, Paragraph A).

25. Pursuant to the Subcontract, Madovis agreed that it would not assign the Subcontract

nor subcontract the whole or any part of the Work of the Subcontract without the written consent of Ervin. Exhibit 1, §14.

26. Upon information and belief, Madovis assigned the Subcontract or subcontracted some or all of the Work described therein to a third party without Ervin's consent.

5

27.     Madovis breached the provisions of §14 of the Subcontract by such assignment or subcontracting.

28.     Pursuant to the subcontract, on or about September 6, 2019, Madovis or its Subcontractor performed certain Work, involving the excavation for and placement of Verizon underground facilities, on certain property located at or near 4612 Red Bridge Road, Kansas City, Missouri 64137.

29.     As a result of the Work Madovis performed, Google Fiber has alleged, among other things, damage to its fiber line and related property and equipment at or near said location.

30.     As a result of the incident, Phoenix Loss Control (on information and belief, subrogee of Google Fiber), has asserted a claim on behalf of Good Fiber against Verizon to recover the damages it alleges it sustained because of Madovis' Work.

31.     In its claim, Google Fiber alleges it sustained damages in the amount of $125,756.16.

32.     On or about May 18, 2020, Sedgwick Claims Management Services, Inc. (Verizon's third-party claims administrator) made demand on Ervin to defend and indemnify Verizon with respect to the claim made by Google Fiber, which demand Ervin has accepted.

33.     On May 26, 2020, Ervin made demand on behalf of itself and Verizon on Ohio and Madovis for defense and indemnity of the claim by Google Fiber and Verizon's claim against Ervin.

34.     To date, Ohio and Madovis have failed to accept Ervin's demand.

35.     Ervin may be forced to retain counsel to defend any lawsuit which Google Fiber might subsequently file against Verizon and has been forced to retain counsel to file this action

6

to seek this Court's declaration of the rights and obligations under the Subcontract and Policy, and determine breaches by Madovis of the Subcontract and by Ohio of the Policy.

36.     Ervin has incurred costs and expenses relating to retention of counsel to file and prosecute this action, which will be ongoing.

## COUNT I:  DECLARATORY JUDGMENT AGAINST OHIO AND MADOVIS

COMES NOW Plaintiff, and for Count I of its Petition for Declaratory Judgment and Breach of Contract, states and shows to the Court as follows:

37.     Ervin re-alleges and incorporates by reference paragraphs 1 through 36 of its Petition as if set forth fully herein at length and verbatim.

38.     Pursuant to Mo. Rev. Stat. §527.010 and Missouri Rule of Civil Procedure 87.01, this Court is authorized to declare rights, status, and other legal relations whether or not further relief is or could be claimed.

39.     Ohio issued policy number BLS(20)58140519, for the policy period May 10, 2019 through May 10, 2020, to the named insured Madovis.

40.     Ervin and Verizon are Additional Insureds under the Policy.

41.     As an Additional Insured, Verizon is covered by the Policy for the claim asserted against it by Google Fiber.

42.     As an Additional Insured, Ervin is covered by the Policy for claims arising from insured contracts.

43.     The Subcontract between Ervin and Madovis is an insured contract within the meaning of the Policy.

44.     The contract between Ervin and Madovis requires Madovis to defend and indemnify Verizon and Ervin.

45.     Verizon has demanded that Ervin defend and indemnify Verizon.

46.     Ervin accepted the claim made by Verizon, and has incurred and will continue to incur costs and expenses to defend Verizon against Google Fiber's claim.

47.     Ervin demanded that Ohio and Madovis defend and indemnify Verizon and Ervin from the claim made by Google Fiber.

48.     Ohio has unlawfully and in breach of the Subcontract refused to agree to provide defense and indemnity to Verizon and Ervin for the claim asserted against them by Google Fiber.

49.     Ohio has unlawfully and in breach of the Subcontract refused to provide coverage to Ervin for the claim asserted against Ervin by Verizon.

50.     Madovis has unlawfully and in breach of the Subcontract refused to indemnify, reimburse and hold harmless Verizon and Ervin for the claim asserted against them by Google Fiber.

## COUNT II: BREACH OF CONTRACT AGAINST MADOVIS

COMES NOW Plaintiff, and for Count II of its Petition for Declaratory Judgment and Breach of Contract, states and shows to the Court as follows:

51.     Ervin re-alleges and incorporates by reference paragraphs 1 through 50 of its Petition as if set forth fully herein at length and verbatim.

8

52.    Ervin and Madovis entered into the Subcontract, pursuant to which Madovis would perform work under Ervin's Primary Contract.

53.    Pursuant to the Subcontract, Madovis agreed in relevant part to "defend, indemnify and hold harmless Contractor, Project Owner, Project Owner's lender(s), and their respective parents (direct or indirect), subsidiaries, affiliates, officers, directors, agents, servants and/or employees (each an "Indemnified Party" and collectively, the "Indemnified Parties") from and against all liability, damage or injury of any kind or nature whatsoever to all persons, whether employees of Subcontractor or otherwise, and to all property including all settlement sums, losses and expenses, including attorneys' fees suffered by any Indemnified Party, which are caused by, or result from or arise out of Subcontractor's (i) performance or nonperformance of this Agreement and the Work (ii) breach of this Agreement or (iii) violation of any applicable law; whether or not such claims are based upon Indemnified Party's alleged active or passive sole negligence or participation or upon any alleged breach of any statutory duty or obligation on the part of an Indemnified Party, Subcontractor agrees to the aforesaid indemnification. Exhibit 1, §7(a).

54.    Pursuant to the Subcontract, Madovis further agreed in relevant part that it "shall, at its own expense, defend the Indemnified Parties against any claim, or any legal proceeding which may invoke Subcontractor's obligations under this Agreement. Subcontractor's duty to defend the Indemnified Parties shall apply whether such claim or legal proceeding is brought only against any or all of the Indemnified Parties, either separately or jointly with Subcontractor. Subcontractor shall reimburse each Indemnified Party for any legal expenses and attorneys' fees incurred in enforcing Subcontractor's obligations and/or the indemnity granted to them under this Agreement." See Exhibit 1, §7(b).

9

55.     Pursuant to the Subcontract, Madovis agreed in relevant part to "reimburse each Indemnified Party for any legal expenses and attorneys' fees incurred in enforcing Subcontractor's [Madovis] obligations and/or the indemnity granted to them under this Agreement." Exhibit 1, §7(b).

56.     In the event it is determined that Verizon is not an additional insured under the Policy, then Madovis breached the terms of the Subcontract by failing to procure the requisite insurance naming Verizon as an additional insured as required by the Subcontract.

57.     Madovis has unlawfully and in breach of the Subcontract refused to defend and indemnify Verizon, resulting in expense and loss to Ervin.

58.     Madovis has unlawfully and in breach of the Subcontract refused to indemnify, reimburse and hold harmless Ervin for the claim asserted against Ervin by Verizon for claims arising out of work MADOVIS performed, resulting in expense and loss to Ervin.

59.     As a result of Madovis' unlawful conduct, Ervin has suffered damage in an amount to be proved at trial, in excess of $25,000.00.

60.     As a result of Madovis' unlawful conduct, Ervin is entitled to its attorneys' fees and costs and expenses incurred in connection with its enforcement of the indemnity granted to it under the Subcontract.

## COUNT III:  BREACH OF CONTRACT AGAINST OHIO

COMES NOW Plaintiff, and for Count III of its Petition for Declaratory Judgment and Breach of Contract, states and shows to the Court as follows:

61.     Ervin re-alleges and incorporates by reference paragraphs 1 through 60 of its Petition as if set forth fully herein at length and verbatim.

10

62.     Ervin is a party to the insurance contract with Ohio as it is an additional insured under that Policy.

63.     Pursuant to the policy, Ohio has an obligation to indemnify additional insured Ervin for claims asserted against Ervin by Verizon arising out of the work performed by Madovis, the named insured on the Policy.

64.     Ohio has unlawfully and in breach of the Policy refused to indemnify additional insured Ervin for claims asserted against Ervin by Verizon arising out of the work performed by Madovis, the named insured on the Policy.

65.     Ohio has unlawfully and in breach of the Policy failed to defend Verizon against the claims asserted by Google Fiber, arising out of the work performed by Madovis, the named insured on the Policy.

66.     As a result of Ohio's unlawful conduct and breach of the terms of the Policy, additional insured Ervin has suffered damage in an amount to be proved at trial, in excess of $25,000.00.

67.     As a result of Ohio's unlawful conduct and breach of the terms of the Policy, additional insured Ervin is entitled to its attorneys' fees and costs and expenses incurred in connection with its enforcement of the indemnity granted to it under the Policy.

**WHEREFORE**, Plaintiff Ervin respectfully requests that this Court:

(a)     Issue its Declaratory Judgment:

(i) That Ervin, as an additional insured under the Policy, is entitled to receive from Ohio full indemnity and reimbursement as a result of the claim asserted against it by Verizon;

(ii) That Ervin is entitled, pursuant to the Subcontract, to receive from Madovis full indemnity and reimbursement as a result of the claims asserted against Ervin by Verizon;

11

(iii) That Ohio has an obligation to defend and indemnify Verizon;

(b) Enter a judgment ordering Ohio and Madovis to pay for Verizon's defense of the claim asserted against it by Google Fiber on an ongoing basis, and to reimburse Ervin for all expenses and costs expended on the defense of Verizon, including, but not limited to, attorneys' fees.

(c) Enter a judgment awarding Ervin compensatory damages.

(d) Enter a judgment requiring Ohio and Madovis to reimburse Ervin for its reasonable attorneys' fees and costs incurred in enforcing its rights under the Policy and Subcontract; and

(e) Grant such other and further relief as the Court deems just and proper in the premises.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

*/s/ Jeffrey H. Blaylock*

JEFFREY H. BLAYLOCK        #34151
email:  jblaylock@fpb-law.com
FORD, PARSHALL & BAKER, L.L.C.
3210 Bluff Creek Drive
Columbia, MO 65201-3525
Tel: (573) 449-2613
Fax: (573) 875-8154
**ATTORNEYS FOR PLAINTIFF**



# IN THE 19TH JUDICIAL CIRCUIT, COLE COUNTY, MISSOURI

| Judge or Division:<br>JON EDWARD BEETEM | Case Number:  20AC-CC00319 |
|---|---|
| Plaintiff/Petitioner:<br>ERVIN CABLE CONSTRUCTION<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY HYATT BLAYLOCK<br>FORD PARSHALL & BAKER LLC<br>3210 BLUFF CREEK DR<br>COLUMBIA, MO  65201 |
| Defendant/Respondent:<br>OHIO SECURITY INSURANCE COMPANY | Court Address:<br>301 E HIGH<br>JEFFERSON CITY, MO  65101 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  OHIO SECURITY INSURANCE COMPANY**
**Alias:**

% CSC-LAWYERS INCORPORATING SV
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

*COLE COUNTY*

| _____<br>*Wednesday, August 19, 2020*<br>Date | _____<br>Clerk |
|---|---|

Further Information: _____

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

| _____<br>Printed Name of Sheriff or Server | _____<br>Signature of Sheriff or Server |
|---|---|

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

| _____<br>Date | _____<br>Notary Public |
|---|---|

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $___10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 19TH JUDICIAL CIRCUIT, COLE COUNTY, MISSOURI

| Judge or Division:<br>JON EDWARD BEETEM | Case Number: 20AC-CC00319 |
|---|---|
| Plaintiff/Petitioner:<br>ERVIN CABLE CONSTRUCTION | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY HYATT BLAYLOCK<br>FORD PARSHALL & BAKER LLC<br>3210 BLUFF CREEK DR<br>COLUMBIA, MO 65201 |
| vs. | |
| Defendant/Respondent:<br>OHIO SECURITY INSURANCE COMPANY | Court Address:<br>301 E HIGH<br>JEFFERSON CITY, MO 65101 |
| Nature of Suit:<br>CC Breach of Contract | |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to: MADOVIS COMMUNICATIONS, INC.**
                                          **Alias:**

% PAVEL POP-BUIA
538 HARDESTY AVENUE
KANSAS CITY, MO 64130
*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*COLE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____
*Wednesday, August 19, 2020*
Date

_____
Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server
            **Must be sworn before a notary public if not served by an authorized officer:**

                    Subscribed and sworn to before me on _____ (date).

*(Seal)*

                    My commission expires: _____          _____
                                                            Date                                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# FORD, PARSHALL & BAKER, L.L.C.
## ATTORNEYS AT LAW
### 3210 Bluff Creek Drive
### Columbia, Missouri 65201-3525

HAMP FORD
JEFFREY O. PARSHALL
MICHAEL R. BAKER
JEFFREY H. BLAYLOCK
DAVID W. WALKER
CLAYTON L. THOMPSON
W. TYLER DUNN

THEODORE L. LYNCH

Of Counsel
MICHAEL R. WHITWORTH*
JILL R. JACKSON

Telephone (573) 449-2613
Facsimile (573) 875-8154

*Also admitted in Illinois

www.fpb-law.com

*email for Jeffrey H. Blaylock*
*jblaylock@fpb-law.com*

September 1, 2020

Dawnel Davidson
Cole County Circuit Clerk
Cole County Courthouse
301 East High Street
Jefferson City, MO 65101

> RE:  *Ervin Cable Construction v. Ohio Security Insurance Company and*
> *Madovis Communications, Inc.*
> In the Circuit Court of Cole County, Missouri
> Case No.: 20AC-CC000319

Dear Ms. Davidson:

Attached to this correspondence you will find the Non-Est Return of Service of Summons on Madovis Communications, Inc.

I am requesting that you issue Pluries Summons to Madovis Communications, Inc., for service on its Registered Agent:

> Pavel Pop-Buia
> 5348 Hardesty Avenue
> Kansas City, MO 64130.

Thank you for your assistance in this matter. Please let me know if you have any questions.

Very Truly Yours,

JEFFREY H. BLAYLOCK

JHB/kmh
Enclosure



# IN THE 19TH JUDICIAL CIRCUIT, COLE COUNTY, MISSOURI

*Return Copy*

| Judge or Division:<br>JON EDWARD BEETEM | Case Number: 20AC-CC00319 |
|---|---|
| Plaintiff/Petitioner:<br>ERVIN CABLE CONSTRUCTION | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY HYATT BLAYLOCK<br>FORD PARSHALL & BAKER LLC<br>3210 BLUFF CREEK DR<br>COLUMBIA, MO 65201 |
| vs. | |
| Defendant/Respondent:<br>OHIO SECURITY INSURANCE COMPANY | Court Address:<br>301 E HIGH |
| Nature of Suit:<br>CC Breach of Contract | JEFFERSON CITY, MO 65101 |

RECEIVED

AUG 21 2020

COLE COUNTY
SHERIFF'S OFFICE

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **OHIO SECURITY INSURANCE COMPANY**
Alias:

**% CSC-LAWYERS INCORPORATING SV**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**
**COURT SEAL OF**

**COLE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____Wednesday, August 19, 2020_____     _____
Date     Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _Shelly Lewis_ (name) _Designee_ (title).

☐ other: _____.

Served at _350 E High St Jefferson City MO 65101_ (address)

in _Cole_ (County/City of St. Louis), MO, on _08/24/2020_ (date) at _8:00 AM_ (time).

_heriff_     By _Cpl. Tiffany Thurman_

_____     _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____     _____
Date     Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $___10.00___ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only: Document Id # 20-SMCC-478*     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 19TH JUDICIAL CIRCUIT, COLE COUNTY, MISSOURI

Return Copy

| Judge or Division:<br>JON EDWARD BEETEM | Case Number: 20AC-CC00319 |
|---|---|
| Plaintiff/Petitioner:<br>ERVIN CABLE CONSTRUCTION | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY HYATT BLAYLOCK<br>FORD PARSHALL & BAKER LLC<br>3210 BLUFF CREEK DR<br>COLUMBIA, MO 65201 |
| vs. | |
| Defendant/Respondent:<br>OHIO SECURITY INSURANCE COMPANY | Court Address:<br>301 E HIGH |
| Nature of Suit:<br>CC Breach of Contract | JEFFERSON CITY, MO 65101 |

RECEIVED
AUG 21 2020
COLE COUNTY
SHERIFF'S OFFICE

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **OHIO SECURITY INSURANCE COMPANY**

**Alias:**

% CSC-LAWYERS INCORPORATING SV
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

**COLE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| Wednesday, August 19, 2020 | |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _Shelly Lewis_ (name) _Designee_ (title).

☐ other: _____

Served at _350 E High St Jefferson City MO 65101_ (address)

in _Cole_ (County/City of St. Louis), MO, on _08/24/2020_ (date) at _8:00 AM_ (time).

Sheriff _Al E. Wheat_

_____
Printed Name of Sheriff or Server

By _Cpl. Tiffany Thurman_

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

| Date | Notary Public |

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 20-SMCC-478    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 19TH JUDICIAL CIRCUIT, COLE COUNTY, MISSOURI

| Judge or Division:<br>JON EDWARD BEETEM | Case Number: 20AC-CC00319 |
|---|---|
| Plaintiff/Petitioner:<br>ERVIN CABLE CONSTRUCTION | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY HYATT BLAYLOCK<br>FORD PARSHALL & BAKER LLC<br>3210 BLUFF CREEK DR<br>COLUMBIA, MO 65201 |
| vs. | |
| Defendant/Respondent:<br>OHIO SECURITY INSURANCE COMPANY | Court Address:<br>301 E HIGH<br>JEFFERSON CITY, MO 65101 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

*2020 AUG 24 PM 22*  *RECEIVED CIVIL PROCESS*

## Summons in Civil Case

The State of Missouri to: **MADOVIS COMMUNICATIONS, INC.**
Alias:

% PAVEL POP-BUIA *RA*
538 HARDESTY AVENUE
KANSAS CITY, MO 64130
**COURT SEAL OF**

*[court seal]*

**COLE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| *Wednesday, August 19, 2020* | |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____

## NON-EST

MADOVIS COMMUNICATIONS INC.
hereby certify that I have made a diligent search for and failed to find the within named defendant
PAVEL POP-BUIA, at 538 HARDESTY AVE, K.C, MO
or the reason that NO SUCH ADDRESS 64130

**DEPARTMENT OF CIVIL PROCESS**
**COURT ADMINISTRATOR'S OFFICE**
**CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

BY _____
DEPUTY

8-26-20
_____
Date

CIRCT 3031- 12/13

Classes or suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-479     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 19TH JUDICIAL CIRCUIT, COLE COUNTY, MISSOURI

| Judge or Division:<br>JON EDWARD BEETEM | Case Number: 20AC-CC00319 |
|---|---|
| Plaintiff/Petitioner:<br>ERVIN CABLE CONSTRUCTION<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY HYATT BLAYLOCK<br>FORD PARSHALL & BAKER LLC<br>3210 BLUFF CREEK DR<br>COLUMBIA, MO 65201 |
| Defendant/Respondent:<br>OHIO SECURITY INSURANCE COMPANY | Court Address:<br>301 E HIGH<br>JEFFERSON CITY, MO 65101 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **MADOVIS COMMUNICATIONS, INC.**
Alias:

% PAVEL POP-BUIA
5348 HARDESTY AVENUE
KANSAS CITY, MO 64130
*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*COLE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____Thursday, September 03, 2020_____      _____
Date                                 Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____      _____
Date                              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

| | | |
|---|---|---|
| ERVIN CABLE CONSTRUCTION, LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20AC-CC00319 |
| | ) | |
| OHIO SECURITY INSURANCE COMPANY and MADOVIS COMMUNICATIONS, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **MOTION TO DISMISS**

COMES NOW defendant, Ohio Security Insurance Company, by and through counsel, Keck & Phillips, LLC, and moves the Court to dismiss the above cause for the reason that Plaintiff's Petition For Declaratory Judgment And Breach of Contract fails to state a claim upon which relief may be granted against this defendant.

WHEREFORE, Defendant moves the Court to dismiss the Petition and for such further relief as the Court deems just in the premises.

Respectfully submitted,

KECK & PHILLIPS, LLC

By  */s/ Patricia A. Keck*
    Patricia A. Keck    # 42811
    3140 East Division
    Springfield, Missouri 65802
    Telephone: (417) 890-8989
    Facsimile: (417) 890-8990
    Email: pat@kpwlawfirm.com
    *Attorneys For Defendant Ohio*
    *Security Insurance Company*

Electronically Filed - Cole Circuit - September 21, 2020 - 11:22 AM

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a true and accurate copy of the foregoing was sent via Missouri Courts efiling this 21st day of September, 2020, to:

Jeffrey H. Blaylock
Ford, Parshall & Baker, LLC
3210 Bluff Creek Drive
Columbia, MO 65201-3525

                                             */s/ Patricia A. Keck*
                                            Patricia A. Keck

Electronically Filed - Cole Circuit - October 16, 2020 - 01:27 PM

IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

| | | |
|---|---|---|
| ERVIN CABLE CONSTRUCTION, LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20AC-CC00319 |
| | ) | |
| OHIO SECURITY INSURANCE COMPANY and MADOVIS COMMUNICATIONS, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **ENTRY OF APPEARANCE**

John Spurlock of Keck & Phillips, L.L.C. does hereby enter his appearance as counsel for

Ohio Security Insurance Company, Defendant, in the above-entitled matter.

Respectfully submitted,

KECK & PHILLIPS, L.L.C.

By: ___*/s/ John Spurlock*_____
    John Spurlock #69362
    3140 E. Division
    Springfield, MO 65802
    Telephone: (417) 890-8989
    Facsimile: (417) 890-8990
    Email: john@kpwlawfirm.com
    *Attorneys for Defendants*

Entry of Appearance

Page: 1

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true and correct copy of the foregoing document was sent via ECF to all parties of record this 16th day of October 2020.

_____*/s/ John Spurlock*_____
John Spurlock

Entry of Appearance                                                                    Page: 2



# IN THE 19TH JUDICIAL CIRCUIT, COLE COUNTY, MISSOURI

| Judge or Division:<br>JON EDWARD BEETEM | Case Number: 20AC-CC00319 |
|---|---|
| Plaintiff/Petitioner:<br>ERVIN CABLE CONSTRUCTION<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JEFFREY HYATT BLAYLOCK<br>FORD PARSHALL & BAKER LLC<br>3210 BLUFF CREEK DR<br>COLUMBIA, MO 65201 |
| Defendant/Respondent:<br>OHIO SECURITY INSURANCE COMPANY | Court Address:<br>301 E HIGH<br>JEFFERSON CITY, MO 65101 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| The State of Missouri to: | MADOVIS COMMUNICATIONS, INC.<br>Alias: |
|---|---|

**% PAVEL POP-BUIA**
**5348 HARDESTY AVENUE**
**KANSAS CITY, MO 64130**

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*COLE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____**Thursday, October 22, 2020**_____     _____
Date                                            Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server
**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
*(Seal)*           ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                   ☐ authorized to administer oaths.  (use for court-appointed server)
_____
Signature and Title

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

OSCA (07-18) SM60 (SMOS) For Court Use Only: Document ID# 20-SMOS-65    2    (20AC-CC00319)    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

## IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

| | |
|---|---|
| ERVIN CABLE CONSTRUCTION, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| OHIO SECURITY INSURANCE COMPANY and MADOVIS COMMUNICATIONS, INC., | ) ) ) ) |
| Defendants. | ) ) |

Case No. 20AC-CC00319

## ANSWER TO PETITION FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT

COMES NOW Defendant Ohio Security Insurance Company ("Ohio"), by and through counsel, Keck & Phillips, L.L.C., and for its Answer to the Petition For Declaratory Judgment And Breach of Contract of Ervin Cable Construction, LLC, plaintiff, states:

### PARTIES, JURISDICTION, AND VENUE

1.      Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 1 and therefore denies same.

2.      Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 2 and therefore denies same.

3.      Ohio admits the allegations contained in paragraph 3.

4.      Ohio admits the allegations contained in paragraph 4.

5.      Ohio admits the allegations contained in paragraph 5.

6.      Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 6 and therefore denies same.

1

7.      Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 7 and therefore denies same.

8.      Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 8 and therefore denies same.

9.      Paragraph 9 contains only legal conclusions and requires no response. To the extent a response may be deemed required, Ohio denies same.

10.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 10 and therefore denies same.

11.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 11 and therefore denies same.

12.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 12 and therefore denies same.

13.     Ohio denies the allegations contained in paragraph 13.

## **FACTS COMMON TO ALL COUNTS**

14.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 14 and therefore denies same.

15.     Ohio states that the document referenced in paragraph 15 speaks for itself and therefore no response is required. To the extent a response is necessary, Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 15 and therefore denies same.

16.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 16 and therefore denies same.

Electronically Filed - Cole Circuit - November 11, 2020 - 12:48 PM

17.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 17 and therefore denies same.

18.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 18 and therefore denies same.

19.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 19 and therefore denies same.

20.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 20 and therefore denies same.

21.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 21 and therefore denies same.

22.     Ohio states that the document referenced in paragraph 22 speaks for itself and therefore no response is required. To the extent a response is necessary, Ohio admits that it issued insurance policy number BLS(20)58140519, but denies that the complete or entire Policy is attached to Plaintiff's Petition and denies the remaining allegations contained in paragraph 22.

23.     Ohio states that the document referenced in paragraph 23 speaks for itself and therefore no response is required. To the extent a response is necessary, Ohio admits that Ervin Cable Construction, LLC is listed as an additional insured on the policy, but denies the remaining allegations contained in paragraph 23.

24.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 24 and therefore denies same.

3

Electronically Filed - Cole Circuit - November 11, 2020 - 12:48 PM

25.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 25 and therefore denies same.

26.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 26 and therefore denies same.

27.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 27 and therefore denies same.

28.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 28 and therefore denies same.

29.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 29 and therefore denies same.

30.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 30 and therefore denies same.

31.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 31 and therefore denies same.

32.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 32 and therefore denies same.

33.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 33 and therefore denies same.

34.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 34 and therefore denies same.

35.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 35 and therefore denies same.

36.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 36 and therefore denies same.

## COUNT I – DECLARATORY JUDGMENT AGAINST OHIO AND MADOVIS

COMES NOW Defendant Ohio Security Insurance Company, by and through counsel, Keck & Phillips, L.L.C., and for its Answer to Count I of the Petition For Declaratory Judgment And Breach of Contract of Ervin Cable Construction, LLC, plaintiff, states:

37.     In response to paragraph 37, Ohio realleges and incorporates its answers and responses to paragraphs 1 through 36 of plaintiff's Petition as if fully set forth herein.

38.     Paragraph 38 contains only legal conclusions and requires no response. To the extent a response may be deemed required, Ohio denies same.

39.     Ohio admits that it issued insurance policy number BLS(20)58140519, but denies the remaining allegations contained in paragraph 39.

40.     Ohio admits that Ervin Cable Construction, LLC is listed as an additional insured on the policy, but denies the remaining allegations contained in paragraph 40.

41.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 41 and therefore denies same.

42.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 42 and therefore denies same.

43.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 43 and therefore denies same.

44.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 44 and therefore denies same.

45.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 45 and therefore denies same.

46.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 46 and therefore denies same.

47.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 47 and therefore denies same.

48.     Ohio denies the allegations contained in paragraph 48.

49.     Ohio denies the allegations contained in paragraph 49.

50.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 50 and therefore denies same.

WHEREFORE, Defendant Ohio Security Insurance Company, having answered to Count I of the Petition For Declaratory Judgment And Breach of Contract of Ervin Cable Construction, LLC, plaintiff, prays to be discharged therefrom, be awarded its costs and attorney fees, and for such other and further relief as the Court deems just and proper in the premises.

## COUNT II – BREACH OF CONTRACT AGAINST MADOVIS

**Plaintiff's Count II makes no allegations against Ohio. To the extent a response is required to Count II, Ohio states as follows:**

51.     In response to paragraph 51, Ohio realleges and incorporates its answers and responses to paragraphs 1 through 50 of plaintiff's Petition as if fully set forth herein.

6

52.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 52 and therefore denies same.

53.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 53 and therefore denies same.

54.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 54 and therefore denies same.

55.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 55 and therefore denies same.

56.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 56 and therefore denies same.

57.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 57 and therefore denies same.

58.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 58 and therefore denies same.

59.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 59 and therefore denies same.

60.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 60 and therefore denies same.

WHEREFORE, Defendant Ohio Security Insurance Company, having answered to Count II of the Petition For Declaratory Judgment And Breach of Contract of Ervin Cable Construction, LLC, plaintiff, prays to be discharged therefrom, be awarded its costs and

attorney fees, and for such other and further relief as the Court deems just and proper in the premises.

## <u>COUNT III – BREACH OF CONTRACT AGAINST OHIO</u>

COMES NOW Defendant Ohio Security Insurance Company, by and through counsel, Keck & Phillips, L.L.C., and for its Answer to Count III of the Petition For Declaratory Judgment And Breach of Contract of Ervin Cable Construction, LLC, plaintiff, states:

61.     In response to paragraph 61, Ohio realleges and incorporates its answers and responses to paragraphs 1 through 60 of plaintiff's Petition as if fully set forth herein.

62.     Ohio admits the allegations contained in paragraph 62.

63.     Ohio is without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 63 and therefore denies same.

64.     Ohio denies the allegations contained in paragraph 64.

65.     Ohio denies the allegations contained in paragraph 65.

66.     Ohio denies the allegations contained in paragraph 66.

67.     Ohio denies the allegations contained in paragraph 67.

WHEREFORE, Defendant Ohio Security Insurance Company, having answered to Count III of the Petition For Declaratory Judgment And Breach of Contract of Ervin Cable Construction, LLC, plaintiff, prays to be discharged therefrom, be awarded its costs and attorney fees, and for such other and further relief as the Court deems just and proper in the premises.

8

## AFFIRMATIVE DEFENSES

Ohio asserts the following affirmative defenses:

1.     Ohio restates and incorporates by this reference its answers and responses to each and every one of the foregoing paragraphs 1-67 of the Petition as though fully set forth herein.

2.     Ohio denies each and every allegation contained in Plaintiff's Petition unless specifically and unequivocally admitted in its Answer.

3.     Ohio affirmatively states that the petition herein fails to state a claim upon which relief may be granted.

4.     Ohio affirmatively states that it should not be held liable for the negligence of third parties.

5.     Ohio affirmatively states that Plaintiff has failed to mitigate its damages.

6.     Venue is improper for all or most of Plaintiff's claims in that the allegations did not take place in Cole County, Missouri and the real property at issue is located in Jackson County, Missouri and the contracts in question were signed outside of the State of Missouri.

7.     Plaintiff's claims are improperly joined and should be severed in that claims against Ohio, as a matter of law, cannot be joined with claims against other parties and/or Defendant Madovis Communications, Inc. See Rule 52.05, 52.06.

8.     Plaintiff's claims are barred in whole or in part by failure of a condition precedent, namely that liability to Plaintiff has not been established, therefore Ohio's

liability on this claim, if any, cannot be determined because this claim is premature and not ripe.

9.     Plaintiff's claims are subject to the defenses of Defendant Madovis Communications, Inc. and Ohio incorporates each of those defenses by reference and is entitled to the benefit of the same as a defense barring or limiting any claim against it.

10.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's injury or damages, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were not foreseeable in the normal course of events and/or independent, intervening, and superseding causes of the alleged injuries or damages.

11.     If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Ohio is neither liable nor responsible, or, in the alternative, Ohio is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from causes that are not related to or connected with the work or service by the insured. Such acts or omissions on the part of others constitute or independent, intervening, and superseding causes of the alleged injuries or damages.

12.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's injury or damages, if any, were the "normal" consequence of the construction work such that the work could not be described as an undesigned or unexpected event.

13.     Ohio has no legal relationship or privity with Google Fiber Missouri, LLC and Google Fiber, Inc., including its agents or contractors, and owed no duty to them by which liability could be attributed to it.

10

14.     Ohio made no warranties of any kind or any representations of any nature whatsoever to Plaintiff and/or any third parties. If any such warranties or representations were made, Ohio specifically denies them, and Plaintiff failed to give notice of any breach thereof.

15.     Ohio issued policy BLS (20) 58 14 05 19 to Defendant Madovis Communications, Inc. effective May 10, 2019 to May 10, 2020 (the "Policy").

16.     Ohio pleads the terms, conditions, endorsements, and amendments to any and all policies of insurance, including the Policy, by which Plaintiff seeks recovery against Ohio.

17.     Ohio affirmatively states that the Policy it issued to Defendant Madovis Communications, Inc. included the following provisions:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result...

b.      This insurance applies to "bodily injury" and "property damage" only if:

(1)    the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)    the "bodily injury" or "property damage" occurs during the policy period...

**2.**    **Exclusions**

This insurance does not apply to:

**a.**    **Expected Or Intended Injury**

"Bodily injury" and "property damage" expected or intended from the standpoint of the insured...

**b.**    **Contractual Liability**

"Bodily injury" and "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)    That the insured would have in the absence of the contract or agreement; or

(2)    Assumed in a contractor or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney's fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a)    Liability to such party for, or for the cost of, that parties defense has also been assumed in the same insured contract; and

(b)    Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

**j.**    **Damage To Property**

"Property damage" to:

(5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)     particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

## SECTION V – DEFINITIONS

13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17.     "Property damage" means:

a.     Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.     Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For purposes of this insurance, electric data is not tangible property. As used in this definition, electronica data needs information, fax or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

***

18.     All of the conditions of the Policy have not been satisfied.

19.     Ohio is entitled to an off-set and reduction against any adverse judgment or verdict which may be rendered in this case by the amounts or consideration paid to Plaintiff by any third party or insurance carrier, if any.

13

20.     No cause of action exists against Ohio until and unless the policy limits of all applicable parties and third parties have been exhausted.

21.     Plaintiff's claims are barred, and Plaintiff may not recover under all counts in that said counts are duplicative for the same occurrence at issue.

22.     Plaintiff is not entitled to double recovery.

23.     Plaintiff's claims are barred by the agreements of the parties.

24.     Plaintiff's claims are barred in that performance was made impossible by the Plaintiff's conduct or the conduct of third parties.

25.     Plaintiff's claims are barred by the course of dealing and/or performance between the parties.

26.     Plaintiff's claims are barred by waiver and/or estoppel.

27.     Plaintiff's claims are barred for lack of consideration.

28.     Plaintiff's claims are barred by the doctrine of unclean hands.

29.     Plaintiff's claims are barred in that the Petition does not allege damages caused by an "occurrence," specifically an alleged breach(es) of contract is not an "occurrence."

30.     Plaintiff's claims rely on contracts or other written instruments that are not recited verbatim or attached to Plaintiff's Petition in violation of Rule 55.22.

31.     Plaintiff's claims for equitable relief under 527.010 RSMo. must also fail where there is an adequate remedy at law.

32.     Plaintiff's claims for equitable relief fail to allege facts that present an actual case or controversy and at this time only present a wholly hypothetical situation.

14

33. Plaintiff is not entitled to attorney's fees and costs from Ohio.

34. Plaintiff lacks standing to assert claims on behalf of third parties including Verizon and/or Google Fiber.

35. Ohio asserts that it performed all duties owed under the Policy other than any duties which were prevented, excused, or not covered, and therefore, never breached an agreement.

36. Ohio never entered into an agreement with Verizon and/or Google Fiber.

37. Ohio affirmatively asserts that Plaintiff is seeking to recover more than it is entitled to recover in this case, and award of the judgment sought by Plaintiff would unjustly enrich the Plaintiff.

38. Ohio reserves the right to assert any affirmative defenses allowed pursuant to Rule 55.08.

WHEREFORE, Defendant Ohio Security Insurance Company, having answered to the actions stated in the Petition For Declaratory Judgment And Breach of Contract of Ervin Cable Construction, LLC, plaintiff, prays to be discharged therefrom, be awarded its costs and attorney fees, and for such other and further relief as the Court deems just and proper in the premises.

## **DEMAND FOR JURY TRIAL**

39. Ohio hereby demands that a trial by jury be had on all issues.

Respectfully submitted,

KECK & PHILLIPS, LLC

By:     */s/ John Spurlock*
        John Spurlock, MOBAR #69362
        3140 E. Division
        Springfield, Missouri 65802
        417-890-8989
        john@kpwlawfirm.com
        ATTORNEYS FOR DEFENDANT
        OHIO SECURITY INSURANCE
        COMPANY

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and accurate copy of the foregoing was sent via Missouri Courts efiling this 11th day of November, 2020, to:

Jeffrey H. Blaylock
Ford, Parshall & Baker, LLC
3210 Bluff Creek Drive
Columbia, MO 65201-3525

                                   */s/ John Spurlock*
                                    John Spurlock

# FORD, PARSHALL & BAKER, L.L.C.

## ATTORNEYS AT LAW

### 3210 Bluff Creek Drive
### Columbia, Missouri 65201-3525

HAMP FORD
JEFFREY O. PARSHALL
MICHAEL R. BAKER
JEFFREY H. BLAYLOCK
DAVID W. WALKER
CLAYTON L. THOMPSON
W. TYLER DUNN

THEODORE L. LYNCH
RYAN M. MAYES
SYDNEY L. DOWELL

Of Counsel
MICHAEL R. WHITWORTH*
JILL R. JACKSON

**Telephone (573) 449-2613**
**Facsimile (573) 875-8154**

www.fpb-law.com

*Also admitted in Illinois

*email for Jeffrey H. Blaylock*
*jblaylock@fpb-law.com*

November 13, 2020

Dawnel Davidson
Circuit Clerk of Cole County
Cole County Courthouse
301 East High Street, Room 200
Jefferson City, MO 65101

> RE:  *Ervin Cable Construction v. Ohio Security Insurance Company and*
> *Madovis Communications, Inc.*
> In the Circuit Court of Cole County, Missouri
> Case No.: 20AC-CC000319

Dear Ms. Davidson:

I am requesting issuance of an Alias Summons to Madovis Communications, Inc. The person to be served is Registered Agent: Madalina Niculai, 6417 Grenada Island Avenue, Apollo Beach, FL 33572.

Thank you for your attention to these matters.

Very Truly Yours,

JEFFREY H. BLAYLOCK

JHB/kmh



# IN THE 19TH JUDICIAL CIRCUIT, COLE COUNTY, MISSOURI

| Judge or Division:<br>JON EDWARD BEETEM | Case Number: 20AC-CC00319 |
|---|---|
| Plaintiff/Petitioner:<br>ERVIN CABLE CONSTRUCTION<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JEFFREY HYATT BLAYLOCK<br>FORD PARSHALL & BAKER LLC<br>3210 BLUFF CREEK DR<br>COLUMBIA, MO 65201 |
| Defendant/Respondent:<br>OHIO SECURITY INSURANCE COMPANY | Court Address:<br>301 E HIGH<br>JEFFERSON CITY, MO 65101 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  **MADOVIS COMMUNICATIONS, INC.**
Alias:

**SERVE: MADALINA NICULAI**
**6417 GRENADA ISLAND AVENUE**
**APOLLO BEACH, FL 33572**

*COURT SEAL OF*

*COLE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____Monday, November 16, 2020_____
Date

_____
Clerk
by ch

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.

☐ the judge of the court of which affiant is an officer.

☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)

☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

## IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

| | |
|---|---|
| **ERVIN CABLE** | ) |
| **CONSTRUCTION, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No.: 20AC-CC00319** |
| | ) |
| **OHIO SECURITY INSURANCE** | ) |
| **COMPANY, a foreign insurance** | ) |
| **company,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **MADOVIS COMMUNICATIONS, INC.,** | ) |
| **an administratively dissolved foreign** | ) |
| **corporation,** | ) |
| | ) |
| **Defendants.** | ) |

### MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COMES NOW Plaintiff, by and through undersigned counsel, and for its Motion for Appointment of Special Process Server, states and shows to the court as follows:

1.     This action was filed on August 18, 2020.

2.     Defendant Madovis Communications, Inc. is a foreign for-profit corporation with its principal place of business located at 6417 Grenada Island Avenue, Apollo Beach, Florida 33572.

3.     On January 31, 2019, the Missouri Secretary of State revoked Madovis' Certificate of Authority to transact business in the state of Missouri pursuant to Mo. Rev. Stat. §351.602.

4.     Revocation of Madovis' Certificate of Authority did not terminate the authority of the registered agent of the corporation pursuant to Mo. Rev. Stat. §351.602.5.

5.     Madovis Communications, Inc.'s last registered agent in the state of Missouri was Pavel Pop-Buia, 538 Hardesty Avenue, Kansas City, Missouri 64130.

1

6.    Plaintiff has attempted service on said registered agent for Madovis Communications, Inc.; however, such attempted service was not successful because said registered agent was "not at listed address" per the Department of Civil Process of the Circuit Court of Jackson County, Missouri.  Exhibit 1.

7.    Plaintiff's investigation reveals that Madovis Communications, Inc. is a Florida for-profit corporation in good standing and has a registered agent, Madalina Niculai, 6417 Grenada Island Avenue, Apollo Beach, Florida 33572.

8.    Pursuant to Missouri Rule of Civil Procedure 54.14(a)(2), personal service outside the state of Missouri may be made by a person appointed by the court in which the action is pending.

9.    Plaintiff requests the court appoint Beau Charlet, of Accurate Serve, P.O. Box 5141, Lakeland, Florida 33807 to serve process on Defendant Madovis Communications, Inc. in this action.  Plaintiff states Beau Charlet is over the age of 18 and is authorized by the laws of the state of Florida to serve legal Summons and process.

WHEREFORE, Defendant respectfully requests the Court enter an Order appointing Beau Charlet as Special Process Server in this action, and for such and further relief as the Court deems just and proper in the premises.

2

Respectfully submitted,

/s/ Jeffrey H. Blaylock

JEFFREY H. BLAYLOCK          #34151
email: jblaylock@fpb-law.com
FORD, PARSHALL & BAKER, L.L.C.
3210 Bluff Creek Drive
Columbia, MO 65201-3525
Tel: (573) 449-2613
Fax: (573) 875-8154
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 17th day of November, 2020 electronically filed a copy of the foregoing pleading with the Circuit Court of Cole County, Missouri, Missouri by filing same through the court's electronic filing system.

/s/ Jeffrey H. Blaylock

JEFFREY H. BLAYLOCK

3

# IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

| | |
|---|---|
| **ERVIN CABLE** | ) |
| **CONSTRUCTION, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No.: 20AC-CC00319** |
| | ) |
| **OHIO SECURITY INSURANCE** | ) |
| **COMPANY, a foreign insurance** | ) |
| **company,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **MADOVIS COMMUNICATIONS, INC.,** | ) |
| **an administratively dissolved foreign** | ) |
| **corporation,** | ) |
| | ) |
| **Defendants.** | ) |

## [PROPOSED] ORDER APPOINTING SPECIAL PROCESS SERVER

Now on this _____ day of _____, 2020, the Court having taken under consideration Plaintiff's Motion for Appointment of Special Process Server, does hereby appoint Beau Charlet, P.O. Box 5141, Lakeland, Florida 33807 as Special Process Server in the above matter and said Beau Charlet is authorized to serve the Summons and Petition herein on Madovis Communications, Inc., and shall execute his Affidavit pursuant to Missouri Rule of Civil Procedure 54.20(b)(2) upon service on said registered agent.

_____
JON EDWARD BEETUM
Judge of the Circuit Court of Cole County,
 Missouri

Date: _____

# IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

ERVIN CABLE
CONSTRUCTION, LLC,               )
                                 )
            Plaintiff,           )
                                 )
v.                               )      Case No.: **20AC-CC00319**
                                 )
OHIO SECURITY INSURANCE          )
COMPANY, a foreign insurance     )
company,                         )
                                 )
and                              )
                                 )
MADOVIS COMMUNICATIONS, INC., )
an administratively dissolved foreign )
corporation,                     )
                                 )
            Defendants.          )

## ORDER APPOINTING SPECIAL PROCESS SERVER

Now on this ___18th___ day of ___NOVEMBER___, 2020, the Court having taken under

consideration Plaintiff's Motion for Appointment of Special Process Server, does hereby appoint

Beau Charlet, P.O. Box 5141, Lakeland, Florida 33807 as Special Process Server in the above

matter and said Beau Charlet is authorized to serve the Summons and Petition herein on Madovis

Communications, Inc., and shall execute his Affidavit pursuant to Missouri Rule of Civil

Procedure 54.20(b)(2) upon service on said registered agent.

_by rlo_

_____
JON EDWARD BEETUM
Judge of the Circuit Court of Cole County,
Missouri

Date: ___11-18-2020___

# IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

| | |
|---|---|
| **ERVIN CABLE CONSTRUCTION, LLC,** )<br><br>**Plaintiff,** )<br><br>**v.** )<br><br>**OHIO SECURITY INSURANCE COMPANY, a foreign insurance company,** )<br><br>**and** )<br><br>**MADOVIS COMMUNICATIONS, INC.,** )<br>**an administratively dissolved foreign corporation,** )<br><br>**Defendants.** ) | **Case No.: 20AC-CC00319** |

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COMES NOW Plaintiff, by and through undersigned counsel, and for its Motion for Appointment of Special Process Server, states and shows to the Court as follows:

1. This action was filed on August 18, 2020.

2. Plaintiff promptly obtained service of process on Defendant Ohio Security Insurance Company, which has filed an Answer herein.

3. Defendant Madovis Communications, Inc. is a foreign for-profit corporation with its principal place of business located at 6417 Grenada Island Avenue, Apollo Beach, Florida 33572.

4. On January 31, 2019, the Missouri Secretary of State revoked Madovis' Certificate of Authority to transact business in the state of Missouri pursuant to Mo. Rev. Stat. §351.602.

5. Revocation of Madovis' Certificate of Authority did not terminate the authority of the registered agent of the corporation pursuant to Mo. Rev. Stat. §351.602.5.

1

6.      Madovis Communications, Inc.'s last registered agent in the state of Missouri was Pavel Pop-Buia, 538 Hardesty Avenue, Kansas City, Missouri 64130.

7.      Plaintiff has attempted service on said registered agent for Madovis Communications, Inc.; however, such attempted service was not successful because said registered agent was "not at listed address" per the Department of Civil Process of the Circuit Court of Jackson County, Missouri.  Exhibit 1.

8.      Plaintiff's investigation reveals that Madovis Communications, Inc. is a Florida for-profit corporation in good standing and has a registered agent, Madalina Niculai, 6417 Grenada Island Avenue, Apollo Beach, Florida 33572.

9.      Pursuant to Missouri Rule of Civil Procedure 54.14(a)(2), personal service outside the state of Missouri may be made by a person appointed by the court in which the action is pending.

10.     On November 13, 2020, Plaintiff requested the Court appoint Beau Charlet as Special Process Server in the above matter.

11.     On November 18, 2020, the Court entered its Order appointing Mr. Charlet as Special Process Server.

12.     After forwarding the Summons and Petition to Mr. Charlet for service, counsel for Plaintiff was informed that Mr. Charlet is no longer personally serving Summons.

13.     Accordingly, Plaintiff is requesting the Court to appoint a substitute Special Process Server in this matter.  Specifically, Plaintiff requests the Court to appoint Stefanie Neuman, 401 East Jackson Street, Suite 2340, Tampa, Florida 33602 to serve process on Defendant Madovis Communications, Inc. in this action.  Plaintiff states Stefanie Neuman is over the age of 18 and is authorized by the laws of the state of Florida to serve legal Summons and Process.

2

WHEREFORE, Defendant respectfully requests the Court to enter its Order appointing Stefanie Neuman as Special Process Server in this action, and for such other and further relief as the Court deems just and proper in the premises.

Respectfully submitted,

*/s/ Jeffrey H. Blaylock*

JEFFREY H. BLAYLOCK          #34151
email:  jblaylock@fpb-law.com
FORD, PARSHALL & BAKER, L.L.C.
3210 Bluff Creek Drive
Columbia, MO  65201-3525
Tel: (573) 449-2613
Fax: (573) 875-8154
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 7th day of December, 2020 electronically filed a copy of the foregoing pleading with the Circuit Court of Cole County, Missouri, Missouri by filing same through the court's electronic filing system.

*/s/ Jeffrey H. Blaylock*

JEFFREY H. BLAYLOCK

3

# IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

ERVIN CABLE
CONSTRUCTION, LLC,                    )
                                      )
                                      )
            Plaintiff,                )
                                      )
v.                                    )     Case No.: **20AC-CC00319**
                                      )
                                      )
OHIO SECURITY INSURANCE               )
COMPANY, a foreign insurance          )
company,                              )
                                      )
and                                   )
                                      )
MADOVIS COMMUNICATIONS, INC.,  )
an administratively dissolved foreign )
corporation,                          )
                                      )
            Defendants.               )

## ORDER APPOINTING SPECIAL PROCESS SERVER

Now on this __8th__ day of __December__, 2020, the Court having taken under

consideration Plaintiff's Motion for Appointment of Special Process Server, does hereby appoint

Stefanie Neuman, 401 East Jackson Street, Suite 2340, Tampa, Florida 33602 as Special Process

Server in the above matter and said Stefanie Neuman is authorized to serve the Summons and

Petition herein on Madovis Communications, Inc., and shall execute her Affidavit pursuant to

Missouri Rule of Civil Procedure 54.20(b)(2) upon service on said registered agent.

_____
                                            by rlo

**12/8/2020**

Date: _____

# FORD, PARSHALL & BAKER, L.L.C.
## ATTORNEYS AT LAW
**3210 Bluff Creek Drive**
**Columbia, Missouri 65201-3525**

HAMP FORD
JEFFREY O. PARSHALL
MICHAEL R. BAKER
JEFFREY H. BLAYLOCK
DAVID W. WALKER
CLAYTON L. THOMPSON
W. TYLER DUNN

THEODORE L. LYNCH
RYAN M. MAYES
SYDNEY L. DOWELL

Of Counsel
MICHAEL R. WHITWORTH*
JILL R. JACKSON

*Also admitted in Illinois

**Telephone (573) 449-2613**
**Facsimile (573) 875-8154**

www.fpb-law.com

*email for Jeffrey H. Blaylock*
*jblaylock@fpb-law.com*

January 18, 2021

Dawnel Davidson
Circuit Clerk of Cole County
Cole County Courthouse
301 East High Street, Room 200
Jefferson City, MO 65101

RE: *Ervin Cable Construction v. Ohio Security Insurance Company and Madovis Communications, Inc.*
In the Circuit Court of Cole County, Missouri
Case No.: 20AC-CC000319

Dear Ms. Davidson:

I am requesting issuance of an Alias Summons to Madovis Communications, Inc. The person to be served is Registered Agent: Madalina Niculai, 6417 Grenada Island Avenue, Apollo Beach, FL 33572.

Thank you for your attention to these matters.

Very Truly Yours,

JEFFREY H. BLAYLOCK

JHB/kmh



# IN THE 19TH JUDICIAL CIRCUIT, COLE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JON EDWARD BEETEM | Case Number: 20AC-CC00319 |
| Plaintiff/Petitioner:<br>ERVIN CABLE CONSTRUCTION<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JEFFREY HYATT BLAYLOCK<br>FORD PARSHALL & BAKER LLC<br>3210 BLUFF CREEK DR<br>COLUMBIA, MO 65201 |
| Defendant/Respondent:<br>OHIO SECURITY INSURANCE COMPANY | Court Address:<br>301 E HIGH |
| Nature of Suit:<br>CC Breach of Contract | JEFFERSON CITY, MO 65101<br><br>(Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **MADOVIS COMMUNICATIONS, INC.**
**Registered Agent: Madalina Niculai**

MADALINA NICULAI
6417 GRENADA ISLAND AVENUE
APOLLO BEACH, FL 33572

**COURT SEAL OF**

**COLE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

01-19-2021
_____
Date
Further Information:

_____
by kdh

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____              _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

_(Seal)_

_____
Signature and Title

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

# FORD, PARSHALL & BAKER, L.L.C.

## ATTORNEYS AT LAW

**3210 Bluff Creek Drive**
**Columbia, Missouri 65201-3525**

**Telephone (573) 449-2613**
**Facsimile (573) 875-8154**

www.fpb-law.com

HAMP FORD
JEFFREY O. PARSHALL
MICHAEL R. BAKER
JEFFREY H. BLAYLOCK
DAVID W. WALKER
CLAYTON L. THOMPSON
W. TYLER DUNN

◆

*email for Jeffrey H. Blaylock*
*jblaylock@fpb-law.com*

THEODORE L. LYNCH
RYAN M. MAYES
SYDNEY L. DOWELL

Of Counsel
MICHAEL R. WHITWORTH*
JILL R. JACKSON

*Also admitted in Illinois
◆

February 3, 2021

Dawnel Davidson
Circuit Clerk of Cole County
Cole County Courthouse
301 East High Street, Room 200
Jefferson City, MO 65101

RE: *Ervin Cable Construction v. Ohio Security Insurance Company and Madovis Communications, Inc.*
In the Circuit Court of Cole County, Missouri
Case No.: 20AC-CC000319

Dear Ms. Davidson:

I would appreciate it if you would cause Summons to issue for service by certified mail to the following:

Madovis Communications, Inc.
c/o Madalina Niculai, Registered Agent
6417 Grenada Island Avenue,
Apollo Beach, FL 33572.

My office will proceed with service of the Summons when issued via certified mail, signature and return receipt requested.

Thank you for your assistance in this matter. Please let me know if you have any questions.

Very Truly Yours,

JEFFREY H. BLAYLOCK

JHB/kmh